UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.G.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendants. | Case No. 24-cv-04717-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REVERSAL AND REMAND**<br><br>Re: ECF No. 13 |

Plaintiff seeks judicial review of the Social Security Administration Commissioner's denial of her application for disability benefits pursuant to 42 U.S.C. § 405(g). Before the Court are Plaintiff's motion for reversal and remand and the Commissioner's opposition. ECF Nos. 13, 21. The matter is deemed fully briefed and submitted without oral argument pursuant to Civil Local Rule 16-5. The Court will grant Plaintiff's motion.

I.    **BACKGROUND**

Plaintiff has a history of physical ailments including osteoarthritis, sciatica, back pain, knee pain, hip pain, ulcers, abdominal pain, and anemia. Administrative Record ("AR")[1] 726, 691, 705, 708, 710, 716, 720, 726, 750, 758, 763, 767, 813, 832, 849, 1020, 1022, 1032, 1041, 1055, 1059, 1062, 1067, 1073, 1076, 1078, 1081, 1083, 1091, 1313, 1361. She has experienced severe trauma, including physical and sexual abuse, homelessness, and suicide attempts. AR 581, 1040, 1198, 1114, 1294, 1319, 1348, 1424, 2022. She also has a "long history of psychiatric hospitalizations dating back to 1986." AR 1430.

Plaintiff filed an application for Title II benefits on March 29, 2017, and an application for

---

[1] The Administrative Record is lodged at ECF No. 9.

Title XVI benefits on June 28, 2017.  AR 219, 228.  Her initial applications and requests for reconsideration were denied.  AR 121-22, 136.  The ALJ held a hearing on March 1, 2018 and issued an unfavorable decision on April 24, 2019.  AR 32.  The Appeals Council denied Plaintiff's request for review, but after Plaintiff filed a complaint for judicial review in the federal District Court, the Appeals Council vacated the unfavorable decision and remanded the case to the ALJ for further proceedings.  AR 1737, 1745, 1749.  The ALJ held a new hearing and a supplemental hearing on September 21, 2023, and January 30, 2024, respectively.  AR 1614, 1649.  The ALJ issued another unfavorable decision on April 4, 2023.  AR 1582.  Specifically, the ALJ held that "the claimant is under a disability, but . . . a substance use disorder is a contributing factor material to the determination of disability.  Accordingly, the claimant has not been disabled under the Social Security Act at any time from the alleged onset date through the date of this decision."  AR 1587.

Plaintiff timely filed this action for judicial review.  ECF No. 1.

## II.      JURISDICTION

This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42 U.S.C. § 405(g).

## III.     LEGAL STANDARD

"The Court may set aside a denial of benefits only if not supported by substantial evidence in the record or if it is based on legal error."  *Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1084–85 (9th Cir. 2000); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  It is "more than a scintilla but less than a preponderance."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quotation marks and citation omitted).  The Court "review[s] the administrative record in its entire[ty] to decide whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports and evidence that detracts from the ALJ's determination."  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

2

     "Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ." *Id.* at 1258. The ALJ is responsible for determinations of credibility, resolution of conflicts in medical testimony, and resolution of all other ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). "Even when the ALJ commits legal error, [courts] uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quotation marks and citation omitted).

## IV. DISCUSSION

     Plaintiff argues the ALJ erred in his: (1) evaluation of Plaintiff's subjective complaints; (2) weighing of the medical opinion evidence; (3) finding that Plaintiff's impairments were non-severe; (4) finding that Plaintiff's mental disorders would improve absent substance use; (5) medical equivalence findings; and (6) assessment of Plaintiff's residual functional capacity (RFC).

### A. Evaluation of Plaintiff's Subjective Testimony

     To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ first determines whether the claimant has presented objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" *See Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen*, 80 F.3d at 1281). "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citation omitted). Where an ALJ's credibility determination is supported by substantial evidence, the court's "role is not to second-guess that decision." *Morgan v. Comm'r of*

*Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (internal citation and quotation marks omitted).

The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ." AR 1594. These general statements are insufficient to discount the plaintiff's subjective testimony. "[G]eneral findings are an insufficient basis to support an adverse credibility determination." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Lambert v. Saul*, 980 F.3d 1266 (9th Cir. 2020) ("Although the ALJ did provide a relatively detailed overview of Lambert's medical history, providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible.") (citation modified). Rather, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Id.* The ALJ's credibility finding must be properly supported by the record and sufficiently specific to assure a reviewing court that the ALJ did not arbitrarily reject Plaintiff's subjective testimony regarding pain or other symptoms. *Bunnell*, 947 F.2d at 345–46. The ALJ's credibility finding in this case was not sufficiently supported.

Furthermore, the ALJ repeatedly discredits Plaintiff's and medical providers' opinions because of Plaintiff's purported ability to maintain full-time employment. AR 1594–99. But this impermissibly ignores Plaintiff's testimony that she, in fact, was *not* performing her work successfully, had received "write ups" for poor job performance, had to lie down sometimes as much as four times in a workday, had to occasionally go home because she was unable to get up after lying down, and had to have additional help staffed during her shifts to complete the tasks she was unable to complete. AR 1630–31. The actual testimony in the record does not provide a clear and convincing reason to discredit Plaintiff's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (finding the claimant's performance of work that contradicted his symptoms an insufficient reason to reject his testimony).

The ALJ also discredited Plaintiff's testimony because of her failure to attend consultative

4

examinations.  AR 1586 ("[G]iven the repeated failure to attend a consultative examination, the claimant's statements about the intensity and persistence of her symptoms are not reliable.").  The ALJ wrote that "[c]ounsel repeatedly refused to allow the claimant to attend consultative examinations . . . in contravention to counsel's ethical obligations."  AR 1586.  But in at least one case, the doctor was sick and cancelled Plaintiff's appointment.  AR 2062.  Moreover, Plaintiff filed an objection to the ALJ's ordering of consultative examinations, arguing that: (1) the order failed to comply with the relevant federal regulations, which permit a consultative examination through a state agency only after the ALJ has "made every reasonable effort to obtain evidence from [the claimant's] own medical sources," 20 C.F.R. § 416.912(b)(2); (2) the scheduled consultative examinations were excessively burdensome to Plaintiff in light of the preexisting conditions making COVI-19 exposure extremely dangerous to her; and (3) the scheduled consultative examinations were unnecessary in light of the abundant evidence already in the file.  AR 2029–33.  The Commissioner argues that "those excuses are not the types of 'good reasons' contemplated by the regulations for missing a consultative examination," ECF No. 21 at 18, but the ALJ did not consider whether they were good reasons under the regulations.  "A reviewing court may only consider the reasons provided by the ALJ in the disability determination and 'may not affirm the ALJ on a ground upon which he [or she] did not rely.'"  *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)).  Because the ALJ did not consider Plaintiff's reasons for not attending the consultative examinations, he did not provide clear and convincing reasons to reject Plaintiff's testimony, and thus committed legal error.  Moreover, this error was harmful, because the Plaintiff's testimony would have supported a finding of disability if credited.

### B.     Medical Opinion Evidence

For claims filed before March 27, 2017—like Plaintiff's—the ALJ must give a treating provider's medical opinion "controlling weight" when the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  20 C.F.R. § 404.1527(c)(2).  Plaintiff notes that the ALJ's decision "uses the supportability and consistency language/analysis from the new,

5

post-2017 rules, and any analysis under the pre-2017 rules is absent." ECF No. 13 at 19; *see* AR 1582–1613. The Commissioner does not respond to this argument. The ALJ's application of the post-2017 rules constitutes error. Moreover, the ALJ's evaluations of several of the providers' opinions were also in error, as described below.

### 1.     Dr. Crichlow

The ALJ gave treating provider Dr. Crichlow's opinion little weight, stating that his "conclusions are not sufficiently supported, as he has not identified findings that support such extreme limitations. The limitations are inconsistent with the physical examinations from the past 14 years that show no strength deficits affecting the extremities." AR 1599. Plaintiff does not argue that the ALJ misrepresented the cited physical examinations. "If a treating or examining doctor's opinion is contradicted by another's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ cited to physical examinations contradicting Dr. Crichlow's opinion and thus demonstrated that Dr. Crichlow's opinion was "inconsistent with the other substantial evidence" in the record.

### 2.     Nurse Practitioner Wale Adeniji

NP Adeniji is a treating provider and a specialist in psychiatry. AR 2592. In addition to the deference given to treating providers, explained above, the ALJ must "give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). The ALJ gave "little weight" to NP Adeniji's opinions that Plaintiff has extreme mental limitations, would miss four or more days of work per month due to her impairments and/or treatment, and would remain off task more than 30 percent of the time. AR 1596. The ALJ gave the sole reason that "[t]he conclusions [we]re at odds with the record, which shows that claimant [had] already been working at the substantial gainful activity for several months when the assessment was generated." *Id.* This is insufficient, because, as explained *supra*, the record showed that even though Plaintiff was employed, she was not performing adequately in that employment. Moreover, the ALJ improperly substituted his own interpretation of the facts for a treating specialist provider's

6

opinion. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (finding ALJ erred when "no medical evidence in the record contradict[ed] [doctor's] opinion"); *Montijo v. Sec'y of Health and Hum. Servs.*, 729 F.2d 599, 602 (9th Cir. 1984) (reversing and remanding because "[t]he administrative law judge made no finding that the doctors lacked credibility or qualifications"); *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) ("The ALJ [i]s not permitted to 'cherry pick' from . . . mixed results to support a denial of benefits." (quoting *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011))). This is error.

### 3.     Dr. Kirsch

For the same reasons, the ALJ erred in assigning "little weight" to the opinion of Dr. Kirsch, who diagnosed Plaintiff with bipolar disorder, PTSD, and substance use disorder. AR 1595. Dr. Kirsch also opined that Plaintiff was markedly limited in the ability to: maintain attention and concentration, respond appropriately to changes in a routine work setting and deal with normal work stressors, perform at a consistent pace without an unreasonable number and length of rest periods, get along and work with others, interact appropriately with the general public, accept instruction and respond appropriately to criticism from supervisors, complete a normal workday and workweek without interruption from psychological symptoms, and maintain regular attendance and punctuality. *Id.* Dr. Kirsch further concluded that if Plaintiff obtained sobriety, her mental health symptoms would more than likely continue indefinitely. *Id.*

The ALJ gave little weight to these opinions, stating that they were "generated by a contract doctor to the representative's organization who routinely provides opinions that are outliers in terms of severity of mental impairments," and moreover that "the opinion is inconsistent with the record, which illustrates improved clinical findings and the ability [to] sustain full-time work as a supervisor once the claimant became sober of drugs and alcohol." *Id.* But again, the ALJ overlooked Plaintiff's uneven performance in that job. When properly taken into account, there is no inconsistency between the record and Dr. Kirsch's opinions that Plaintiff would struggle to perform adequately at work. This constitutes another instance of error.

### 4.     Non-Examining State Agency Consultants

The ALJ assigned greater weight to the non-examining state agency consultants, Drs. Reid,

7

Ipakchi, and Zukowsky, for the sole reason that their opinions were "consistent with the record." AR 1596, 1598. This nonspecific statement is an insufficient reason to credit non-examining consultants over the treating and examining providers whose opinions the ALJ considered—all of whom found multiple marked or extreme impairments. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). This, again, constitutes error.

### C. Medical Severity Findings

"At step two, the ALJ decides whether the claimant's impairment or combination of impairments is 'severe,' § 404.1520(a)(4)(ii), meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities,' § 404.1522(a)." *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). An ALJ should find an impairment "not severe" only if the medical evidence clearly establishes that the impairment has no more than a minimal effect on the individual's ability to work. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

The ALJ found that Plaintiff has several severe impairments, including polysubstance abuse, depressive disorder versus bipolar disorder, PTSD, anxiety disorder, obesity, anemia, ulcers, and gastroesophageal reflux disease. AR 1589. Plaintiff challenges the ALJ's determination that her rheumatoid arthritis was not severe, and the Court agrees with Plaintiff. There is evidence in the record that Plaintiff rated her RA a "10/10 in terms of pain." AR 4982. A rheumatology specialist, Dr. Michael Thomashow, observed swelling and pain in Plaintiff's hands, elbows, and back. *Id.* The ALJ's conclusion that there were no "functional limitations in connection with" her RA, AR 1590, confuses Step 2's *de minimis* standard with later steps, which require the ALJ to assess the effects of the impairments on Plaintiff's ability to work. The ALJ's failure to find Plaintiff's RA was severe was in error.

### D. Materiality of Substance Use

"If an ALJ determines that a claimant is disabled based on all their medically determinable impairments, one of which is drug addiction and alcoholism (DAA), the ALJ must determine whether the DAA is a contributing factor material to the disability determination. SSR 13-2p(a).[1]

8

To do so, the ALJ conducts a second five-step sequential analysis to determine whether the claimant would still be disabled if they stopped using drugs or alcohol. SSR 13-2p(a)." *A.M. v. O'Malley*, No. 23-CV-04889-NC, 2025 WL 304461, at *2 (N.D. Cal. Jan. 27, 2025). "DAA is material 'if the claimant's other impairment(s) would improve to the point that the claimant would not be disabled in the absence of DAA.' SSR 13-2p ¶ 5(f)(iii). DAA is not material 'if the claimant's other impairment(s) would not improve to the point that the claimant would not be disabled in the absence of DAA.' SSR 13-2p ¶ 5(f)(iii). The ALJ must deny the claim if DAA is material. SSR 13-2p ¶ 5(f)(iii)." *Id.*

To find that DAA is material when a claimant has co-occurring mental disorders, the ALJ "must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA." SSR 13-2p ¶ 7(b). The ALJ cannot rely only "on medical expertise and the nature of a claimant's mental disorder," or seek "medical opinions that project the nature, severity, and functional effects if the claimant were to stop using drugs or alcohol." SSR 13-2p ¶ 7(b) & n.19.

The ALJ's determination that DAA was material ignores key evidence from Plaintiff's treating providers. NP Adeniji stated in June 2022 that Plaintiff's "mental health [symptoms] have not improved with her sobriety. Her mental health [symptoms] are longstanding and persistent." AR 2594. Dr. Kirsch further concluded that if Plaintiff obtained sobriety, her mental health symptoms would more than likely continue indefinitely. AR 1595. Here, again, the ALJ erred by impermissibly crediting non-treating consultants like Dr. Hopper over Plaintiff's treating providers.

### E. Medical Equivalence

The ALJ also erred by summarily concluding that the "paragraph C" criteria were not satisfied. The ALJ stated only that "the record does not reflect a medically documented history of the existence of a mental disorder over a period of at least 2 years," AR 1593, without providing any specific reasons for this Court to evaluate. Contrary to the ALJ's conclusion, the testimony of Plaintiff's treating providers shows evidence of a long-term, debilitating mental disorder. *See, e.g.*, AR 400, 2592–96, 2020–33, 2035–38. The ALJ erred by failing to consider this evidence.

**F.     RFC**

Before proceeding to step four, an ALJ must determine the claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC denotes what an individual can do in a work setting, despite mental or physical limitations caused by impairments or related symptoms. *Id.* at §§ 404.1545, 416.945. In assessing an individual's RFC, the ALJ must consider all the claimant's medically determinable impairments, including non-severe impairments. *Id.*

Because the ALJ assigned little weight to the opinions of the treating providers—all of whom assessed multiple marked impairments—and discounted the testimony of the Plaintiff that her work performance has been unsatisfactory, the ALJ also failed to make an RFC finding based on substantial evidence.

**G.     Remand**

Where "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Garrison*, 759 F.3d at 1019 (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)). A court may remand to the ALJ with instructions to calculate and award benefits where: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).

This case meets the requirements for remand for an award of benefits. The record is fully developed and, for the reasons stated above, the ALJ committed multiple errors in finding that Plaintiff is not disabled. The ALJ failed to provide legally sufficient reasons to discredit the opinions of several treating providers who opinions, if credited, would require a disability finding.

Furthermore, the "exceptional facts" of this case "counsel strongly in favor of remanding for immediate payment of benefits." *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir.

10

2017) (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990)). Plaintiff first applied for benefits more than eight years ago and the ALJ already has wrongfully denied her claim twice now. "[F]urther delays at this point would be unduly burdensome." *Id.* (quoting *Terry*, 903 F.2d at 1280); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for determination of benefits where the claimant had "already waited over seven years for her disability determination"). The Court thus remands with instructions to the ALJ for the calculation and award of benefits.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is granted. The Court hereby remands this case for an immediate calculation and payment of benefits.

**IT IS SO ORDERED.**

Dated: September 11, 2025

JON S. TIGAR
United States District Judge